### GLASSCOCK et al. v. McDANIEL et al.

No. 8616—Opinion Filed June 6, 1917.

Rehearing Denied Nov. 14, 1918.

(175 Pac. 737.)

(Syllabus.)

#### Indians — Descent and Distribution.

Upon the representation by counsel for plaintiffs in error that this cause turns upon the same question considered in the case of Jefferson v. Cook, 53 Okla. 272, 155 Pac. 852, the judgment of the court below is affirmed, upon the authority of that case and the other cases of this court wherein the same rule is announced.

Error from Superior Court, Muskogee County; H. C. Thurmon, Judge.

Action between F. R. Glasscock and others and Ellis McDaniel and others. From the judgment, Glasscock and others bring error. Affirmed.

William B. Moore, Chas. B. Mitchell, Leslie Maxey, and H. A. Kroeger, for plaintiffs in error.

Chas. F. Runyan, for defendants in error.

KANE, J. The question in this case is whether section 6 of the Creek Supplemental Agreement (Act June 30, 1902, c. 1323, 32 Stat. 501) was repealed by the Enabling Act providing for the state government for Oklahoma, or whether any part of section 6, and especially the first proviso thereof, is still in force as a limitation upon the inheritance laws of the state of Oklahoma. Of this question counsel for plaintiffs in error in their brief say:

"There is no occasion for an extended abstract of the record, as there is no difference of opinion between the parties as to the ex-

act question at issue. The case turns on the same question considered in the case of Jefferson v. Cook, 53 Okla. 272, 155 Pac. 852. It is another case where children were born to a Creek mother and a non-Creek father; where one of the children, after receiving her allotment, died; where the father, who would have inherited under the laws of the state of Oklahoma in force at the time of her death, claimed to inherit the land and assumed to convey the same; and where the brothers and sisters. the mother being deceased, bring suit to recover the lands from her father's grantee, and to cancel mortgages placed upon them by the said grantee, the defendant F. R. Glasscock, who with his coplaintiff in error, the Deming Investment Company, Mr. Glasscock's mortgagee, were defendants in the court below. The case has been advanced for argument on the representation of plaintiffs in error that they desire, if the question is not sooner settled by some controlling decision of the Supreme Court of the United States, to appeal the cause to that tribunal, should this court see fit to adhere to the ruling made in Jefferson v. Cook, and in other cases since."

Upon the representation of counsel for plaintiff in error that this case turns upon the same question considered in the case of Jefferson v. Cook, supra, the judgment of the court below is affirmed, upon the authority of that case and the other cases by this court wherein the same rule is announced.

All the Justices concur.